### Peter Forbes Langrock v. Porter Hospital, Inc.

[227 A.2d 291]

December Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 7, 1967

*Peter Forbes Langrock* pro se.

*Samuelson & Bloomberg* for defendant.

**Smith, J.** The plaintiff, appearing pro se, brought his bill in chancery against the defendant hospital, asking for a decree declaring an amendment of the by-laws of said corporation, made on October 10, 1965, to be null and void, plaintiff further praying for an injunction forbidding the defendant hospital from amending its charter with regard to the qualification for membership in said corporation in any way that would disenfranchise or extinguish the right of the complainant and other members of the corporation. Plaintiff has taken his appeal here from the judgment order made below in favor of the defendant hospital.

The case below was submitted on an agreed statement of facts which we now summarize. Porter Hospital, Inc., is a charitable corporation whose articles of association were first filed in the Secretary of State's office on January 10, 1941. Such articles of association provided that the corporation should have twelve members and certain class A trustees.

On June 25, 1952, certain amendments were duly made to the articles of association, including the following provision relative to membership in the corporation:

> "(4) All legal residents in the County of Addison and of the Town of Brandon, in the State of Vermont, who have reached the age of twenty-one (21) shall be members of the corporation."

On June 25, 1965, at an annual meeting of the corporation, it was voted to amend the above quoted by-law by requiring a One Dollar ($1.00) contribution as a condition of membership in the corporation.

The vote of members of the corporation at this annual meeting was 173 to accept the changed by-law and 60 against, of which dissenters the plaintiff was one.

Plaintiff brought his action after the Board of Trustees of the Hospital had voted to change the charter of the corporation in accordance with the action taken at the meeting, seeking to enjoin the filing of the certificate of amendment with the Secretary of State.

The plaintiff does not deny that the action taken by the members of the corporation, and by its Board of Trustees, in so amending the membership by-law, was in accordance with the Charter of the corporation, and in compliance with the laws of Vermont.

The plaintiff states that the sole issue before us is whether a corporation, organized under the laws of the State of Vermont, can legally extinguish the rights of a member of the corporation over his objection, by a majority vote and compliance with certain statutory procedures.

Plaintiff first asserts that the corporate charter granted by the State to the Porter Hospital, Inc., formed a contractual obligation between the State, the corporation and its members, and that the amendment as to membership in the corporation deprives the plaintiff of contractual rights with the defendant and the State.

■■ The plaintiff was not a member of the corporation under the original charter. He only became a member by virtue of the 1952 amendment on membership. Upon becoming a member of the corporation he became subject to the provisions of 11 V.S.A. Sec. 192, which allowed an amendment of the articles of association by a vote of the membership as provided in its charter. If there does exist a contract, as plaintiff would contend, between the corporation, its members and the State, then the statutory provision was a part of it, and such contract would not prevent the statutory amendment of the articles of association.

It is apparent from his brief that the plaintiff takes the position that his relationship with the deefndant hospital is that of a shareholder to a corporation formed for profit. He claims, by reason of this claimed relationship, to have certain vested rights of which he would be deprived by the change in the hospital by-laws and charter relating to membership.

Plaintiff is mistaken in his position. Porter Hospital, Inc., is a charitable corporation, not a corporation for profit. The plaintiff is not a shareholder in Porter Hospital, Inc. He is, at best, a mere voting member of a charitable corporation. He gave nothing of value for his membership in the corporation but received such membership as a gratuity by reason of his age and residence. He has no property interest of his own to protect, for he has no interest in the property of the corporation. A mere voting member of a charitable corporation, devoted entirely to public uses, is not deprived of any vested interest when he is deprived of his right to vote. *Re Mt. Sinai Hospital*, 250 N.Y. 103, 164 N.E. 871, 876. The change in the qualifications for membership in the Porter Hospital, Inc., plaintiff objects to here, in no way changed the purpose of the corporation. The amendment changing the qualifications as to membership in Porter Hospital, Inc., was reasonable. Under the amendment of 1952, with a membership consisting of all legal residents over 21 years of age in Addison County and the Town of Brandon, the task of ascertaining whether all persons attending annual meetings and attempting to vote were qualified, was an impossible one.

The obvious purpose of adding the membership fee of $1.00 was to make the membership of the corporation more easily ascertainable. The small sum required for membership is not so unreasonable or arbitrary as to be discriminatory. It was a corporate amendment regulating the qualification for membership so that the business of the corporation could be carried out in a more effective and efficient manner.

The entry is *Affirmed.*